JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT FUHRMEISTER

**(b)** County of Residence of First Listed Plaintiff  **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire, I.D. NO.: 21374
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS
COUNTY OF MONTGOMERY

County of Residence of First Listed Defendant  **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act (ADA)
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/20/2018
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _60 Greenwoods Drive, Horsham, PA 19044_

Address of Defendant: _425 Swede Street, Norristown, PA 19401_

Place of Accident, Incident or Transaction: _425 Swede Street, Norristown, PA 19401_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/20/2018_   _[signature]_   _21374_
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Sidney L. Gold, Esq_, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _11/20/2018_   _[signature]_   _21374_
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 60 Greenwoods Drive, Horsham, PA 19044

Address of Defendant: 425 Swede Street, Norristown, PA 19401

Place of Accident, Incident or Transaction: 425 Swede Street, Norristown, PA 19401

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/20/2018 _____ 21374
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Sidney L. Gold, Esq , counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/20/2018 _____ 21374
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT FUHRMEISTER | : | CIVIL ACTION |
| v. | : | |
| COUNTY OF MONTGOMERY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| | | |
|---|---|---|
| November 20, 2018 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FUHRMEISTER, | : | CIVIL ACTION NO.: |
| *Plaintiff* | : | |
| v. | : | |
| COUNTY OF MONTGOMERY, | : | JURY TRIAL DEMANDED |
| *Defendant* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT**

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Robert Fuhrmeister ("Plaintiff Fuhrmeister"), a former employee of Defendant, County of Montgomery ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of his employment.

2.    This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

**II.    JURISDICTION AND VENUE**

3.    The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on the ADA and FMLA. The supplemental

jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Fuhrmeister's claims arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Fuhrmeister's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On August 24, 2018, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Fuhrmeister has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Robert Fuhrmeister ("Plaintiff Fuhrmeister"), is a forty (40) year old male individual and citizen of the Commonwealth of Pennsylvania, residing therein at 60 Greenwoods Drive, Horsham, Pennsylvania 19044.

8. Defendant, County of Montgomery ("Defendant"), is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 425 Swede Street, Norristown, Pennsylvania 19401.

9.  At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, PHRA, and FMLA and has been, and is, subject to the provisions of each said Act.

## III. STATEMENT OF FACTS

11. Plaintiff Fuhrmeister was employed by the Defendant from on or about October 1, 2006 until on or about December 15, 2017, the date of his unlawful termination.

12. During the course of his eleven (11) year tenure of employment with the Defendant, Plaintiff Fuhrmeister held the positions of Radio Installer and Senior Lead Radio System Technologist and at all times maintained an exceptional job performance rating in said capacities. As evidence thereof, Defendant awarded Plaintiff Fuhrmeister with regular merit-based salary increases, as well as a promotion to the latter position.

13. At all times relevant hereto, Plaintiff Fuhrmeister reported to Richard Lohwasser ("Lohwasser"), Radio Systems Manager.

14. On or about October 1, 2017, Plaintiff Fuhrmeister was present at the mass shooting that occurred at the Mandalay Bay Resort in Las Vegas, Nevada.

15. Immediately thereafter, treating physicians diagnosed Plaintiff Fuhrmeister

with Post Traumatic Stress Disorder ("PTSD"). Said medical condition constitutes a disability within the meanings of the ADA and PHRA in that it substantially impairs one or more of Plaintiff Fuhrmeister's major life activities including, but not limited to, concentration, sleep, and cognitive function.

16. After receiving said diagnosis, Plaintiff Fuhrmeister promptly informed the said Lohwasser of his disability. At all times relevant thereafter, the Defendant was aware of Plaintiff Fuhrmeister's disability and perceived him to be disabled.

17. On or about October 5, 2017, Valerie Arkoosh, M.D. ("Commissioner Arkoosh"), Chair of the Montgomery County Board of Commissioners, learned that Plaintiff Fuhrmeister was present at the Las Vegas mass shooting. In connection thereto, Commissioner Arkoosh contacted Plaintiff Fuhrmeister and directed him to "take the time and space to work through this."

18. Subsequently, on or about October 10, 2017, Plaintiff Fuhrmeister sought medical treatment for his disability from his primary care physician, Kenneth Weiss, D.O. ("Dr. Weiss"). Dr. Weiss directed Plaintiff Fuhrmeister to commence a six (6) week medical leave of absence from work to undergo psychiatric treatment for his disability.

19. In connection thereto, Plaintiff Fuhrmeister informed Defendant of his physician's directive and requested the necessary leave of absence as a reasonable accommodation for his disability.

20. In or about late October of 2017, Plaintiff Fuhrmeister submitted to

Defendant a Certification from Healthcare Provider for Employee's Serious Health Condition completed by Dr. Weiss in support of Plaintiff Fuhrmeister's request for a six (6) week medical leave of absence under the FMLA.

21. On or about November 1, 2017, without engaging in the interactive process, Donna Pardieu ("Pardieu"), Director of Human Resources, sent Plaintiff Fuhrmeister a letter flatly denying his request for reasonable accommodation in the form of a brief medical leave of absence under the FMLA. In said letter, Pardieu threatened that unless Plaintiff Fuhrmeister returned to work by November 8, 2017, his employment would be terminated. Said letter failed to identify the reason in which Defendant denied Plaintiff Fuhrmeister's request for accommodation.

22. As a result, on or about November 3, 2017, Plaintiff Fuhrmeister contacted Pardieu to obtain further information as to the reason for his denial of reasonable accommodation in the form of FMLA leave. Pardieu failed and refused to respond to Plaintiff Fuhrmeister's inquiry.

24. Thereafter, Plaintiff Fuhrmeister telephoned Commissioner Arkoosh for further clarification regarding the aforesaid denial. Commissioner Arkoosh likewise failed and refused to respond to Plaitniff Furhmeister's query.

25. In an attempt to justify Defendant's denial of accommodation, Pardieu falsely alleged that Plaintiff Fuhrmeister had violated a policy of Defendant prohibiting outside employment. However, at all times relevant hereto, Plaintiff Fuhrmeister abided

by all of Defendant's policies and procedures.

26. On or about November 8, 2017, Plaintiff Fuhrmeister returned to work pursuant to the Defendant's directive and despite the fact that his treating physician recommended that he remain out of work.

27. Later that day, Dr. Weiss completed a second Certification from Healthcare Provider for Employee's Serious Health Condition in support of Plaintiff Fuhrmeister's need for a brief medical leave of absence from work as a reasonable accommodation for his disability. Plaintiff Fuhrmeister promptly submitted the second Certification to Defendant the following day.

28. It was not until November 16, 2017 that Defendant finally retroactively approved Plaintiff Fuhrmeister's request for FMLA leave as a reasonable accommodation for his disability, from October 4, 2017 to November 7, 2017.

29. The Defendant's delay in affording Plaintiff Fuhrmeister a brief medical leave of absence as a reasonable accommodation caused his disability-related symptoms to become exacerbated and worsen.

30. Consequently, on or about November 28, 2017, Plaintiff Fuhrmeister sought additional treatment for his disability with Linda B. Welsh, Ed.D. ("Dr. Welsh"), Psychologist.

31. On December 5, 2017, Dr. Welsh completed a Certification from Healthcare Provider for Employee's Serious Health Condition requesting, on Plaintiff Fuhrmeister's

behalf, a brief additional medical leave as a reasonable accommodation for his disability. Plaintiff Fuhrmeister promptly submitted the completed Certification to Defendant.

32. On or about December 11, 2017, Defendant abruptly terminated Plaintiff Fuhrmeister's employment, allegedly for committing "policy and procedure violations."

33. Plaintiff Fuhrmeister believes and avers that the Defendant's articulated reason for his termination is pretextual and that Defendant actually terminated his employment based on his actual and/or perceived disability and/or record of impairment (PTSD), and/or in retaliation for requesting a reasonable accommodation for his disability, and/or in retaliation for exercising his rights under the FMLA, and/or in order to restrain Plaintiff Fuhrmeister from exercising his right to take additional leave under the FMLA.

## COUNT I
### (ADA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff Fuhrmeister v. the Defendant

34. Plaintiff Fuhrmeister incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth at length herein.

35. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Fuhrmeister to discrimination and retaliation, as aforesaid, constituted a violation of the ADA.

36. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Fuhrmeister sustained permanent and irreparable harm, resulting in the loss of his

employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

37.   As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Fuhrmeister suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff Fuhrmeister v. the Defendant

38.   Plaintiff Fuhrmeister incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39.   The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Fuhrmeister to discrimination and retaliation, as aforesaid, constituted a violation of the PHRA.

40.   As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Fuhrmeister sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

41. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Fuhrmeister suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (FMLA)
### Plaintiff Fuhrmeister v. the Defendant

42. Plaintiff Fuhrmeister incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

43. Plaintiff Fuhrmeister's PTSD constituted a serious health condition as defined by the FMLA, thereby entitling him to the rights and protections of the FMLA.

44. The actions of the Defendant, through its agents, servants and employees, in restraining Plaintiff Fuhrmeister's ability to exercise his rights under the FMLA constituted a violation of the FMLA.

45. Additionally, the actions of the Defendant, through its agents, servants and employees, terminating Plaintiff Fuhrmeister's employment in retaliation for exercising his rights under the FMLA and/or in order to restrain Plaintiff Fuhrmeister from exercising his right to take additional leave under the FMLA, constituted a violation of the FMLA.

46. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Fuhrmeister's rights.

47. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Fuhrmeister has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

48. Plaintiff Fuhrmeister incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Fuhrmeister requests that this Court enter judgment in his favor and against the Defendant and Order that:

a. Defendant compensate Plaintiff Fuhrmeister for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Fuhrmeister with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Fuhrmeister liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Fuhrmeister pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Fuhrmeister demands a trial by jury.

                              SIDNEY L. GOLD & ASSOC., P.C.

                              /s/Sidney L. Gold, Esquire

                              SIDNEY L. GOLD, ESQUIRE
                              ATTORNEY I. D. NO.: 21374
                              1835 Market Street, Ste. 515
                              Philadelphia, PA 19103
                              (215) 569-1999
                              sgold@discrimlaw.net
                              Attorney for Plaintiff

DATE: November 20, 2018

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 10/21/18

ROBERT FUHRMEISTER, PLAINTIFF